IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH TWITTER PROFILE WITH USERNAME @DestroyLeague_D AT https://twitter.com/DestroyLeague_D THAT IS STORED AT PREMISES CONTROLLED BY TWITTER | Case No. 3:12MJ253<br><br>**Filed Under Seal** |

## APPLICATION FOR ORDER COMMANDING TWITTER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Twitter not to notify any person (including the subscribers or customers of the account(s) listed in the search warrant) of the existence of the sealed search warrant issued in this case, until further order of the Court.

Twitter is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained a search warrant for information associated with the Twitter profile for the username @DestroyLeague_D at https://twitter.com/DestroyLeague_D stored at premises controlled by Twitter, which requires Twitter to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the search warrant obtained in this case relates to an ongoing criminal investigation that is neither public nor known to all of the

targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the search warrant in this case will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Twitter not to disclose the existence or content of the search warrant issued in this case, except that Twitter may disclose the search warrant issued in this case to an attorney for Twitter for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

RESPECTFULLY SUBMITTED this 5th day of September, 2012.

ANNE M. TOMPKINS
United States Attorney

_/s/ M. T. Odulio_
Mark T. Odulio
Assistant United States Attorney
District of Columbia Bar Number 999991
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
mark.odulio@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH TWITTER PROFILE WITH USERNAME @DestroyLeague_D AT https://twitter.com/DestroyLeague_D THAT IS STORED AT PREMISES CONTROLLED BY TWITTER | Case No. 3:12MJ253<br><br>**Filed Under Seal** |
|---|---|

## **ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Twitter, an electronic communications service provider and a remote computing service, not to notify any person (including the subscribers or customers of the account(s) listed in the search) of the existence of the sealed search warrant issued in this case, until further order of the Court.

The Court determines that there is reason to believe that notification of the existence of the sealed search warrant issued in this case will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Twitter shall not disclose the existence of the sealed search warrant issued in this case, or this Order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that Twitter may disclose the sealed search warrant in this case to an attorney for Twitter for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

9-5-12
Date

DAVID S. CAYER
United States Magistrate Judge